| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, *et al.*, | ) | CASE NO: 1:26-CV-00027 |
| | ) | |
| Plaintiffs, | ) | JUDGE: Byron B. Conway |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES FIRE INSURANCE COMPANY, | ) ) | **THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF, UNITED STATES FIRE INSURANCE COMPANY** |
| | ) | |
| Defendant/Third-Party Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASONITE CORPORATION, | ) | |
| 1001 East Palm Avenue | ) | |
| Tampa, FL  33606, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## THIRD-PARTY COMPLAINT

Now comes the Defendant/Third-Party Plaintiff, United States Fire Insurance Company ("US Fire"), and for its Third-Party Complaint against Masonite Corporation, states as follows:

1.      US Fire seeks a declaration that it has no obligation to indemnify Algoma Hardwoods, Inc. ("Algoma Inc.") or Masonite Corporation, as purported successor to Algoma ("Masonite") (Masonite and Algoma will be collectively referred to as "Algoma") for amounts paid to settle the claims asserted against Algoma in the lawsuit captioned *Deanne Warren v. Algoma Hardwoods, Inc.* No. 20STCV04852 (the "*Warren* Lawsuit").

2.      Despite not receiving notice of the *Warren* Lawsuit until after the jury returned a verdict, Liberty Mutual Insurance Company, as successor by merger to Hawkeye-Security Insurance Company ("Liberty Mutual"), Zurich American Insurance Company as successor in

interest to Zurich Insurance Company, U.S. Branch ("Zurich"), and Nationwide Mutual Insurance Company ("Nationwide") (collectively "Plaintiffs") filed this action alleging claims against US Fire for declaratory relief, equitable contribution, equitable subrogation, and unjust enrichment seeking recovery of amounts paid to defend and settle the *Warren* Lawsuit.

## PARTIES

3. Upon information and belief, Third-Party Defendant Masonite is a Delaware corporation, with its principal place of business in Florida.

4. Upon information and belief Algoma Hardwoods Inc. previously was merged into Masonite.

5. US Fire is a Delaware corporation with its principal place of business in New Jersey.

## JURISDICTION

6. This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a), as the claims herein arise from the same case or controversy as the claims in the main action.

## BACKGROUND

7. US Fire issued the following insurance policies to Algoma Hardwoods, Inc.: Policy No. 523-04369-3 for the period May 1, 1980 to May 1, 1981; Policy No. 523-160691-3 for the period May 1, 1981 to May 1, 1982; and Policy No. 523-221409-9 for the period May 1, 1982 to May 1, 1983 (the "US Fire Policies").

8. Each of the US Fire Policies provides that it will pay "ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, arising out of an occurrence …".

2

9. Each of the US Fire Policies defines the retained limit, in relevant part, as follows:

the total of the applicable limits of the underlying policies listed in Schedule A hereof, and the appliable limits of any other insurance collectible by the insured;

10. Schedule A in US Fire Policy No. Policy No. 523-04369-3 identifies underlying insurance provided by "Aetna L&C" with limits of $500,000 for bodily injury for Each Occurrence; Schedule A in US Fire Policy No. Policy No. 523-160691-3 identifies underlying insurance provided by "Aetna" with limits of $500,000 for bodily injury for Each Occurrence; and Schedule A in US Fire Policy No. 523-221409-9 identifies underlying insurance provided by "Royal Globe" with limits of $500,000 for bodily injury for Each Occurrence.

11. Each of the US Fire Policies contains the following "Notice of Occurrence" Condition:

**Notice of Occurrence.** Upon the happening of an occurrence reasonably likely to involve the company hereunder, written notice shall be given as soon as practicable to the company or any of its authorized agents. Such notice shall contain particulars sufficient to identify the insured and the fullest information obtainable at the time.

The insured shall give like notice of any claim made on account of such occurrence. If legal proceedings are begun the insured, when requested by the company, shall forward to it each paper thereon, or a copy thereof, received by the insured or the insured's representatives, together with copies of reports of investigations made by the insured with respect to such claim proceedings.

12. Each of the US Policies contains the following "Assistance and Cooperation" Condition:

**Assistance and Co-operation.** Except as provided in Insuring Agreement II (Defense Settlement) or in Insuring Agreement V (Retained Limit-Limit of Liability) with respect to the exhaustion of the aggregate limits of underlying policies listed in Schedule A, or in Condition J, (Underlying Insurance) the company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceedings instituted against the insured; but the company shall have the right and opportunity to associate with the insured in the defense and control of any claim or proceeding reasonably likely to involve the company. In such event the insured and the company shall cooperate fully.

13. Algoma did not provide notice to US Fire of the *Warren* Lawsuit when it was filed.

14. Accordingly, US Fire had no information concerning the claims, discovery, the developments of facts and evidence or any settlement negotiations that took place in the *Warren* Lawsuit prior to trial.

15. Rather than settle the *Warren* Lawsuit, Algoma and its primary insurers, including Plaintiffs, took the case to trial.

16. Upon information and belief, the jury returned a verdict against Algoma in the *Warren* Lawsuit for $43M and assigned 50% of responsibility for the damages/harm to Algoma.

17. No party notified US Fire of the *Warren* Lawsuit prior to or during trial. In fact, US Fire received its first notice of the *Warren* Lawsuit after the verdict was entered.

## COUNT I-DECLARATORY RELIEF

18. US Fire incorporates the allegations set forth in Paragraphs 1 to 16 of this Third-Party Complaint as if set forth in full.

19. US Fire did not receive notice of the *Warren* Lawsuit until after the jury returned a significant verdict against Algoma.

20. As a matter of law, such notice was untimely and US Fire was prejudiced by the untimely notice.

21. The late notice violated the Notice of Occurrence Condition of the US Fire Policies.

22. The late notice resulted in the inability of US Fire to exercise its rights under the US Fire Policies, including the Assistance and Co-operation Condition of the US Fire Policies.

23. Algoma failed to satisfy these necessary conditions precedent to coverage and as a result US Fire does not owe coverage under the US Fire Policies for the amounts paid to settle the *Warren* Lawsuit or have any obligation to pay or reimburse such amounts to Plaintiffs.

4

24.     Accordingly, US Fire seeks a declaration from this Court that it does not owe coverage to Algoma under the US Fire Policies for the amounts paid by the Plaintiffs to settle the *Warren* Lawsuit and has no obligation to reimburse Plaintiffs any amounts.

25.     An actual, ripe, and justiciable controversy between the parties, including Algoma as the policyholder that failed to provide timely notice, exists concerning whether the US Fire Policies owe coverage for the amounts paid by the Plaintiffs to settle the *Warren* Lawsuit and/or has any obligation to reimburse Plaintiffs any amounts.

26.     The Court should enter a declaratory judgment that US Fire does not owe coverage under the US Fire Policies to Algoma for the amounts paid by the Plaintiffs to settle the *Warren* Lawsuit and has no obligation to reimburse Plaintiffs any amounts.

WHEREFORE, US Fire respectfully prays for judgment in its favor and against Masonite Corporation as successor by merger to Algoma Hardwoods Inc. including a declaratory judgment that it does not owe coverage to Algoma under the US Fire Policies for the amounts paid to settle the *Warren* Lawsuit and has no obligation to reimburse Liberty, Zurich, or Nationwide any amounts and that US Fire be awarded attorneys' fees, costs, and expenses incurred in this lawsuit and for such other and further relief as the Court deems just and equitable.

## JURY DEMAND

TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

**McCOY LEAVITT LASKEY LLC**
Attorneys for Defendant/Third-Party Plaintiff, United
States Fire Insurance Company

Dated:     3/18/26

By: *Electronically signed by Michael D. Aiken*
Michael D. Aiken          SBN 1060331
Riverwood Corporate Center III
N19 W24200 Riverwood Drive, Ste. 125
Waukesha, WI 53188
Phone (262) 522-7000; Fax (262) 522-7020
maiken@MLLlaw.com

5