# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LIBERTY MUTUAL INSURANCE COMPANY, et al.,

Plaintiffs,

v.                                                Case No. 26-CV-27

UNITED STATES FIRE INSURANCE COMPANY,

Defendant / Third-Party Plaintiff,

v.

MASONITE CORPORATION,

Third-Party Defendant.

## DECISION AND ORDER

### 1. Background

Following a jury trial in an action the parties refer to as the *Warren* lawsuit, the Superior Court of Los Angeles County, California, entered judgment against Masonite Corporation for injuries attributed to Masonite's predecessor, Algoma Hardwoods, Inc. The judgment exceeded the limits of Masonite's primary insurance policies, and thus it notified its excess insurers Liberty Mutual Insurance Company (both individually and as successor to Hawkeye-Security Insurance Company), Zurich American Insurance Company (as successor in interest to Zurich Insurance Company, U.S. Branch), Nationwide Mutual Insurance Company, and United States

Fire Insurance Company. The parties dispute whether U.S. Fire received timely notice, but that judgment was eventually resolved by a settlement with all excess insurers except U.S. Fire contributing. The contributing excess insurers—Liberty, Zurich, and Nationwide—brought this action against U.S. Fire seeking to force U.S. Fire to pay its proportional share of the settlement.

U.S. Fire answered the complaint and filed amended counterclaims against the plaintiffs (ECF No. 15 at 14-25) as well as an amended third-party complaint against Masonite (ECF No. 14). The plaintiffs seek to strike U.S. Fire's counterclaims and argue the counterclaims are redundant to the plaintiffs' claim for declaratory relief. (ECF Nos. 16, 17.) Masonite seeks to strike the third-party complaint, in part, because there is no live dispute between it and U.S. Fire. (ECF Nos. 19, 20.) The plaintiffs separately seek to strike the third-party complaint for similar reasons. (ECF Nos. 16, 17.)

## 2. Motion to Strike Counterclaims

In addition to their claims for equitable contribution, subrogation / breach of contract, and unjust enrichment, the plaintiffs seek declaratory judgment that:

> (a) U.S. Fire received timely notice of the Warren Lawsuit or, alternatively, that U.S. Fire was not prejudiced by the timing of its receipt of notice of the *Warren* Lawsuit; (b) U.S. Fire is responsible for paying its proportionate share of the settlement of the *Warren* Lawsuit; and (c) U.S. Fire is responsible for paying its proportionate share of Algoma's defense fees and costs incurred after the exhaustion of the primary limits of coverage, whether in the *Warren* Lawsuit or otherwise.

(ECF No. 1, ¶ 59.)

In its amended counterclaim, U.S. Fire seeks six forms of declaratory relief. It seeks declarations that:

(1) "first notice provided to US Fire after a significant verdict is late as a matter of law and violates the Notice of Occurrence Condition of the US Fire Policies" (ECF No. 15 at 19, ¶ 39);

(2) "Algoma failed to satisfy the Notice of Occurrence condition of the US Fire Policies and US Fire does not owe coverage under the US Fire Policies for the amounts paid by the Plaintiffs to settle the *Warren* Lawsuit and has no obligation to reimburse Plaintiffs any amounts" (ECF No. 15 at 20, ¶ 49);

(3) "first notice provided to US Fire of a lawsuit after a significant verdict constitutes a breach of the Assistance and Co-Operation Condition of the US Fire Policies" (ECF No. 15 at 21, ¶ 56);

(4) "Algoma failed to satisfy the Assistance and Co-Operation condition of the US Fire Policies and US Fire does not owe coverage for the amounts paid by the Plaintiffs to settle the *Warren* Lawsuit and has no obligation to reimburse Plaintiffs any amounts" (ECF No. 15 at 22, ¶ 65);

(5) "the amounts Plaintiffs seek from US Fire constitute voluntary payments, and Plaintiffs cannot recover such amounts from US Fire" (ECF No. 15 at 23, ¶ 72);

(6) "US Fire is not liable to pay the excess amounts sought by Plaintiffs resulting from the failure to settle the *Warren* Lawsuit within their primary policy limits after failing to provide notice to US Fire." (ECF No. 15 at 24, ¶ 79).

Certain of the declarations that U.S. Fire seeks are redundant to themselves, and all are essentially the inverse of the declaratory relief the plaintiffs seek. U.S. Fire merely frames its requests in terms of its various affirmative defenses. At bottom, the plaintiffs seek a judgment requiring U.S. Fire to contribute its proportional share to the settlement they paid; U.S. Fire seeks declaratory judgment that it owes nothing.

Declaratory judgment is a limited cause of action. Most significantly, declaratory relief is discretionary. *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994) (citing *Reno v. Catholic Social Servs., Inc.*, 113 S. Ct. 2485, 2495 (1993)); *Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir. 1975) ("a court may properly decline to assume jurisdiction in a declaratory action when [an]other remedy would be more effective or appropriate"); *see also* 28 U.S.C. § 2201(a) (stating that the court "*may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)). Its purpose is to "clarify and settle the legal relations at issue and afford parties relief from insecurity and uncertainty." *See Sarkis' Cafe, Inc. v. Sarks in the Park, Ltd. Liab. Co.*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (quoting *Intervisual Communs. v. Volkert*, 975 F. Supp. 1092, 1099 (N.D. Ill. 1997)); *see also Manago v. Auto-Owners Ins. Co.*, No. 2:17-CV-267, 2018 U.S. Dist. LEXIS 14577, at *6-7 (N.D. Ind. Jan. 30, 2018) ("the main purpose of a declaratory judgment it to permit a party to obtain a declaration of its rights and liabilities before proceeding with a course of conduct").

When the plaintiff's complaint puts the parties' entire dispute before the court, a counterclaim for declaratory relief is superfluous. *Cincinnati Specialty Ins. Co. v. DMH Holdings, LLC*, No. 3:11-CV-357, 2013 U.S. Dist. LEXIS 25020, at *11 (N.D. Ind. Feb. 22, 2013); *see also Tenneco, Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985). Courts routinely strike counterclaims for declaratory relief that merely seek by way of a declaration what the defendant would obtain in a successful defense of the plaintiff's claim. *See, e.g., Accent Consulting Grp., Inc. v. Great Am.*

*Assurance Co.*, No. 1:22-cv-01767-JMS-TAB, 2023 U.S. Dist. LEXIS 237072, at *10-12 (S.D. Ind. Mar. 3, 2023); *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 U.S. Dist. LEXIS 38535, at *5 (N.D. Ind. June 9, 2006) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown.") (citing cases).

U.S. Fire argues that its amended counterclaims are appropriate because they present facts not alleged in the plaintiffs' complaint and seek declarations beyond those sought by the plaintiffs. It also states that Algoma Hardwoods continues to face new suits relating to its asbestos-containing products and "US Fire is entitled to seek such affirmative declaratory relief regarding the policies that may provide coverage for such claims." (ECF No. 23 at 4.) It notes that while a decision in this action may have some preclusive effect as to future disputes, a declaratory judgment would provide greater clarity and certainty. (ECF No. 23 at 4.)

U.S. Fire offers no explanation as to why it is necessary for it to assert a counterclaim for declaratory relief simply so it can add facts to the pleadings.

Certain of U.S Fire's counterclaims are not strictly mirror images the declaratory relief sought by the plaintiffs. But insofar as they diverge, the counterclaims largely seek a declaration as to an affirmative defense (or that the plaintiffs cannot satisfy some element of their claim).

It is only in one respect that U.S. Fire's counterclaims might not be redundant—that they seek to settle prospective coverage disputes beyond the facts of

this particular case. But only U.S. Fire's first request for declaratory relief—that "the Notice of Occurrence Condition in the US Fire Policies, including that first notice provided to US Fire of a lawsuit after a significant verdict is late as a matter of law and violates the Notice of Occurrence Condition of the US Fire Policies"—plausibly reaches beyond the parties' present dispute.

There are perhaps instances where such circumstances may give rise to an appropriate counterclaim for declaratory relief. U.S. Fire, however, has not shown that any such live dispute exists between the parties beyond the facts of this case. That Algoma Hardwoods continues to face lawsuits does not suggest that there exists a current dispute beyond the facts of this case that would be resolved by the declaratory relief that U.S. Fire seeks. The declaratory relief that U.S. Fire seeks would be relevant only under extremely narrow circumstances, *i.e.*, Algoma Hardwoods was sued for an asbestos-related claim; that claim was subject to the same Notice of Occurrence Condition; and Algoma Hardwoods first notified U.S. Fire of the claim only after entry of a verdict that exceeded the policy limits of its primary insurer. (*Cf.* ECF No. 20 at 4.) There is no evidence that this has occurred in any other case. Thus, U.S. Fire has failed to show that its relevant request for declaratory relief arises from a ripe and justiciable controversy. *See Coppe Healthcare Sols., Inc. v. Brightsky, LLC*, No. 24-CV-88, 2024 U.S. Dist. LEXIS 170001, at *1 (E.D. Wis. Sep. 20, 2024) (discussing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019)).

Moreover, these circumstances are logically unlikely to recur. Algoma Hardwoods will have presumably learned its lesson from the *Warren* lawsuit and will be immediately notifying U.S. Fire of all asbestos claims. But even if these circumstances were likely to recur, questions such as the sufficiency of notice are often fact intensive and thus unlikely to be appropriate for resolution through declaratory judgment.

In sum, insofar as U.S. Fire has presented an otherwise justiciable counterclaim for declaratory relief, the counterclaims seek merely what it would obtain in a successful defense of this action. As such, U.S. Fire's counterclaims for declaratory relief are "redundant" and "immaterial." *See* Fed. R. Civ. P. 12(f); *see also Manago*, 2018 U.S. Dist. LEXIS 14577, at *4. Indeed, the plaintiffs' own claim for declaratory relief is arguably redundant to their other claims for relief. *See Cazares v. Dan Dan LLC*, No. 25-cv-1696-bhl, 2026 U.S. Dist. LEXIS 137506, at *6-8 (E.D. Wis. June 22, 2026). But no motion to strike that claim is before the court. As to the plaintiffs' motion to strike, the court will grant it. *See Tri City Foods, Inc. v. Commerce & Indus. Ins. Co.*, No. 24 C 414, 2024 U.S. Dist. LEXIS 240734, at *2 (N.D. Ill. Nov. 19, 2024) ("Courts in the Seventh Circuit typically dispose of redundant counterclaims via Rule 12(f), which permits the Court to strike from a pleading 'any redundant, immaterial, impertinent, or scandalous matter.'" (quoting Fed. R. Civ. P. 12(f); citing *Bao v. Memberselect Ins. Co.*, 2022 U.S. Dist. LEXIS 74667, 2022 WL 1211509, at *5 (N.D. Ill. 2022))).

### 3. Motion to Strike Third-Party Complaint

In its third-party complaint against Masonite, U.S. Fire seeks declaratory relief that tracks verbatim the relief it sought in its first four counterclaims. Specifically, it seeks declarations that:

> (1) "first notice provided to US Fire after a significant verdict is late as a matter of law and violates the Notice of Occurrence Condition of the US Fire Policies" (ECF No. 14, ¶ 29);

> (2) "Algoma failed to satisfy the Notice of Occurrence condition of the US Fire Policies and US Fire does not owe coverage under the US Fire Policies for the amounts paid by the Plaintiffs to settle the Warren Lawsuit and has no obligation to reimburse Plaintiffs any amounts" (ECF No. 14, ¶ 40);

> (3) "first notice provided to US Fire of a lawsuit after a significant verdict constitutes a breach of the Assistance and Co-Operation Condition of the US Fire Policies" (ECF No. 14, ¶ 47); and

> (4) "Algoma failed to satisfy the Assistance and Co-Operation condition of the US Fire Policies and US Fire does not owe coverage for the amounts paid by the Plaintiffs to settle the Warren Lawsuit and has no obligation to reimburse Plaintiffs any amounts" (ECF No. 14, ¶ 57).

Masonite moved to strike or in the alternative to dismiss U.S. Fire's complaint against Masonite. The plaintiffs also moved to strike U.S. Fire's third-party complaint against Masonite. U.S. Fire argues that the plaintiffs lack standing to seek to strike its third-party complaint, and so the court will address Masonite's motion first.

Masonite argues that no case or controversy exists between it and U.S. Fire. From its perspective, it has been fully indemnified; it is not asking U.S. Fire to contribute to any settlement. The present dispute is between U.S. Fire and the other excess insurers.

U.S. Fire responds that Masonite is a necessary party because its interests and actions are at the heart of this action. It seeks a declaration as to the propriety of what occurred in this case lest it recur in some future case.

U.S. Fire's position appears to arise, at least in part, from a conflation of required joinder under Rule 19 and impleader under Rule 14.

Rule 14 allows a defendant to pursue a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Under no circumstances would Masonite be liable for any portion of the plaintiffs' claim against U.S. Fire. Indeed, U.S. Fire concedes as much. (ECF No. 24 at 7.) It seeks only the same declaratory relief that it improperly sought against the plaintiffs. That U.S. Fire's claims for declaratory relief arose from the same circumstances as the underlying action is insufficient. *U. S. Gen., Inc. v. Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). A claim that the additional party would be secondarily liable if the defendant / third-party plaintiff was found liable to the plaintiff "is a plain condition on the face of Rule 14." *Id.*; *see also EBI Holdings, Inc. v. Butler*, No. 07-3259, 2009 U.S. Dist. LEXIS 56109, at *7-8 (C.D. Ill. July 2, 2009); *Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 19 C 2965, 2023 U.S. Dist. LEXIS 129525, at *37-38 (N.D. Ill. July 26, 2023) (citing, in part, 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1446 (3d ed. Apr. 2023 update)); *Dan Risk Retention Grp., Inc. v. Bottoms Up SCUBA Indy LLC*, No. 1:21-cv-00218-TWP-MJD, 2021 U.S. Dist. LEXIS 215516, at *4-5 (S.D. Ind. Oct. 18, 2021).

U.S. Fire argues that the court should look beyond the plain text of Rule 14(a) to pragmatically allow expansive impleading. (ECF No. 24 at 7-8 (citing *Hartford Cas. Ins. Co. v. Moore*, No. 08-cv-1350, 2010 U.S. Dist. LEXIS 4355, at \*11-12 (C.D. Ill. Jan. 20, 2010)).) But even if the court were to accept that principle, this would not be a case for its application.

As explained above, U.S. Fire's claims for declaratory relief are unnecessary and redundant to the plaintiffs' claims. The plaintiffs' claims place the whole controversy before the court, and resolution of it will fully resolve the dispute. Beyond that, there is simply no live controversy between U.S. Fire and Masonite such that declaratory relief would be appropriate. The plaintiffs, as Masonite's insurers, may have proverbially stepped into Masonite's shoes to bring this action, but Masonite has no personal interest in that dispute. It has been fully indemnified for the relevant loss. This distinguishes the present action from *Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co.*, 416 F.2d 707, 708 (7th Cir. 1969), on which U.S. Fire relies (ECF No. 24 at 5). This is not a matter of U.S. Fire seeking resolution as to the lawfulness of Masonite's present course of conduct. *Cf. Owners Ins. Co. v. Warren*, No. 3:15-cv-00349-DRH-DGW, 2017 U.S. Dist. LEXIS 13171, at \*7 (S.D. Ill. Jan. 31, 2017). Rather, U.S. Fire argues only that a dispute hypothetically could arise if the circumstances that gave rise to this case were to recur. But recurrence depends on a sequence of unanticipated events, and those events are unlikely to recur.

Permitting U.S. Fire's third-party complaint would not foster judicial economy because it is unlikely that U.S. Fire would (or could) pursue its third-party complaint

as an independent action. Such an action would likely fail for want of a case or controversy.

Nonetheless, U.S. Fire has identified at least one way that this action plausibly stands to affect Masonite's interests. If U.S. Fire is ordered to contribute to the *Warren* settlement, that contribution would count against Masonite's policy limits and thereby limit the amount available to pay future claims. (ECF No. 24 at 6.) In many instances, this possibility would be too uncertain to make the insured an indispensable party. But here U.S. Fire alleges that Masonite faces ongoing liability for similar claims. (*See, e.g.*, ECF No. 24 at 10-11.) That, however, presents a question of joinder under Rule 19(a), not impleader under Rule 14.

Whether Masonite's possible interest is sufficient to make Masonite an indispensable party, *see* Fed. R. Civ. P. 19(a)(1)(B)(ii) and (2), is not adequately presented to this court. And in any event, no such motion is presently before the court. *See* Fed. R. Civ. P. 12(b)(7).

### 4. Conclusion

U.S. Fire seeks declaratory relief that mirrors the relief the plaintiffs seek or is otherwise redundant to its defenses. Resolution of the plaintiffs' complaint will fully resolve the dispute between the parties, and therefore there is no room for further discretionary declaratory relief. The court will grant the plaintiffs' motion to strike the U.S. Fire's amended counterclaims.

The court will also grant Masonite's motion to strike U.S. Fire's third-party complaint. U.S. Fire's third-party complaint is outside the scope of Rule 14 because

it does not allege that Masonite "is or may be liable to it for all or part of the claim against" U.S. Fire. This decision moots the plaintiffs' parallel motion to strike.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to strike United States Fire Insurance Company's amended counterclaim (ECF No. 16) is **granted**.

**IT IS FURTHER ORDERED** that Masonite Corporation's motion to strike United States Fire Insurance Company's amended third-party complaint (ECF No. 19) is **granted**. Masonite Corporation is dismissed as a party in this action.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to strike United States Fire Insurance Company's amended third-party complaint (ECF No. 16) is **dismissed as moot**.

Dated at Green Bay, Wisconsin this 9th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
