UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LIBERTY MUTUAL INSURANCE COMPANY, INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO HAWKEYE-SECURITY INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO ZURICH INSURANCE COMPANY, U.S. BRANCH, and NATIONWIDE MUTUAL INSURANCE COMPANY,

Plaintiffs,

v.

UNITED STATES FIRE INSURANCE COMPANY,

Defendant.

Case No. 1:26-cv-00027

---

**FEDERAL RULE OF EVIDENCE 502(d) ORDER GOVERNING NON-WAIVER OF ANY PRIVILEGE APPLICABLE TO DOCUMENTS OR INFORMATION EXCHANGED IN DISCOVERY**

---

This insurance coverage action involves the defense, settlement, and other handling of a now-resolved lawsuit styled *Warren v. Algoma Hardwoods, Inc.* (Los Angeles Super. Ct. Case No. 20STCV04852) (the "*Warren* Lawsuit"). As a result, the Parties anticipate that potentially privileged and other protected communications and information may be shared in discovery. To ensure full disclosure of relevant information without creating any risk of waiver, the Court concludes that good cause exists for this Order Governing Non-Waiver of any Privilege Applicable to Documents or Information Exchanged in Discovery pursuant to Federal Rule of Evidence 502(d).

1. **Purpose and Scope of Order**. The case will involve the disclosure and production

of certain communications, documents, or other information that may reflect or contain attorney-client privileged communications, attorney work product, confidential settlement communications and/or other confidential information protected from disclosure by some privilege or other legal doctrine (collectively, "Protected Information"). The scope of this Order shall apply to documents and information produced by the Parties, but also to documents and information produced in this action by third parties, either formally or informally, including documents and testimony produced in response to subpoenas issued by a Party in this action.

**2. Non-Waiver by Disclosure**. The production or disclosure of Protected Information shall not constitute a waiver of: (a) the attorney–client privilege; (b) the attorney work product doctrine (including opinion and fact work product); (c) any privilege or confidentiality applicable to settlement-related communications; and (d) any other applicable privilege, protection, or immunity recognized by law. For example, and without limiting the foregoing, disclosure of Protected Information shall not be deemed a waiver as to any non-party, governmental entity, or regulator. Similarly, without limiting the foregoing, the production of information from the *Warren* Lawsuit shall not constitute a waiver of any applicable privilege or protection for communications between the Parties and their current counsel in this action. In addition, the production or disclosure of Protected Information shall not result in any subject-matter waiver and cannot be asserted as a basis to compel disclosure of additional protected communications or materials beyond those specifically produced or disclosed in the action. The preceding sentence is not intended to permit a Party to rely on Protected Information that it produced to support its own claim or defense while withholding from discovery in this action responsive Protected Information concerning the same subject matter solely on the basis that it is a protected communication or protected material. Production or disclosure of all such Protected Information in this action will be within and under

the non-waiver protections set forth in this Order.

**3. Designation.** The Parties shall make a good faith effort to designate all Protected Information as "CONFIDENTIAL" pursuant to the Protective Order entered in this action (Dkt. 41). However, if Protected Information is inadvertently not designated as "CONFIDENTIAL," the absence of that designation shall not result in a waiver of any privilege, doctrine, immunity, confidentiality, or protection established by this Order. A party disclosing Protected Information shall have the opportunity to designate Protected Information as "CONFIDENTIAL" after its disclosure to a receiving party, either on its own or after notice from a receiving party that the Protected Information should have been designated as "CONFIDENTIAL."

**4. Limited Use in the Action.** Any Party receiving Protected Information ("Receiving Party") may use that Protected Information solely for purposes of the action, and not for any other purpose, unless the producing party provides prior written consent for such additional use or a court of competent jurisdiction orders otherwise. Any Party receiving Protected Information designated as "CONFIDENTIAL" pursuant to the Protective Order in this action shall treat such information in accordance with the terms of that Protective Order. Disclosure or use of Protected Information designated as "CONFIDENTIAL" pursuant to the Protective Order shall not constitute a waiver of the attorney–client privilege, the work product doctrine, or any other applicable privilege, doctrine, immunity, or confidentiality applicable to the Protected Information.

**5. Notice and Protection.** Each Party shall take reasonable steps to support and preserve the non-waiver intent stated herein if a third party or other tribunal asserts that any disclosure under this Order effects a waiver. Without limiting any Party's obligations under the Protective Order in this action, if any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand, including in another action, or (c) is served with any other legal process

by one not a party to this Action, seeking Protected Information that was produced in this action by someone other than the Receiving Party, the Receiving Party shall give prompt written notice at the earliest possible time of receipt of such subpoena, demand, or legal process, to those who produced the Protected Information (the "Producing Party"). The Receiving Party shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Order and shall cooperate with the Producing Party so that the Producing Party can appear and object to production. In no event shall the Receiving Party ever provide any Protected Information prior to giving written notice to the Producing Party. Notwithstanding this paragraph, nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of Protected Information, or to subject himself, herself, or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**6. Filing Protected Information.** The Parties shall file any Protected Information designated as "CONFIDENTIAL" pursuant to the terms of the Protective Order in this Action. To the extent a Party intends to file any Protected Information not designated as "CONFIDENTIAL," such Party shall file such Protected Information under seal utilizing the procedures set forth in General L.R. 79(d). A Party shall not file any Protected Information in any suit, tribunal, or proceeding other than this action without obtaining the consent of the Producing Party or in compliance with a court order. In the event Protected Information must be filed in any suit, tribunal, or proceeding other than the action, the filing Party shall make every effort to file the Protected Information under seal and limit its disclosure to the public.

**7. Cooperation**. The Parties shall cooperate with each other to carry out the purpose and intent of this Order.

**8. No Determination of Privilege**. Nothing in this Order constitutes a finding or admission that any document or information is privileged or protected from disclosure, and nothing herein precludes any Party from challenging any assertion of privilege or protection, including on the ground that the privilege or protection was waived before production in this action.

**9. Privilege Logs**. Any Party or non-party withholding documents or information on the basis of any privilege or protection shall comply with Federal Rule of Civil Procedure 26(b)(5)(A).

Dated at Green Bay, Wisconsin this 10th day of November, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge